# Exhibit A

*122.015*
**EDELSTEIN LAW, LLP**
BY: Jay L. Edelstein
ID No. 30227
230 S. Broad Street, Suite 900
Philadelphia, PA 19102
(215) 893-9311
JEdelstein@edelsteinlaw.com



*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
26 JUN 2025 11:17 am
E. BALILONIS

| | |
|---|---|
| **JANE DOE**<br>c/o Edelstein Law, LLP<br>230 S. Broad Street, Suite 900<br>Philadelphia, PA 19102, | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY |
| Plaintiff, | June Term, 2025 |
| v. | No: _____ |
| **VILLANOVA UNIVERSITY**<br>800 Lancaster Avenue<br>Villanova, PA 19085 | |
| and | **JURY TRIAL DEMANDED** |
| **COLLEGE HALL ASSOCIATES, L.P.,**<br>**d/b/a COLLEGE HALL**<br>**APARTMENTS, a/k/a "THE COURTS"**<br>101 Mill Creek Road<br>Ardmore, PA 19003 | |
| and | |
| **COLLEGE HALL G.P.,**<br>**d/b/a COLLEGE HALL**<br>**APARTMENTS, a/k/a "THE COURTS"**<br>101 Mill Creek Road<br>Ardmore, PA 19003 | |
| and | |
| **MARKS & COMPANY USA, INC.,**<br>**d/b/a MARKS & COMPANY**<br>101 Mill Creek Road<br>Ardmore, PA 19003 | |
| Defendants. | |

## NOTICE TO DEFEND

### NOTICE

**You have been sued in court. Suppose you wish to defend against the claims set forth in the following pages. In that case, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or, property or other rights important to you.**

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

### AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

2

Case ID: 250603095

*122.015*

**EDELSTEIN LAW, LLP**                                    *Attorneys for Plaintiff Jane Doe*
BY: Jay L. Edelstein
ID No. 30227
230 S. Broad Street, Suite 900
Philadelphia, PA 19102
(215) 893-9311
JEdelstein@edelsteinlaw.com

| | |
|---|---|
| **JANE DOE**<br>c/o Edelstein Law, LLP<br>230 S. Broad Street, Suite 900<br>Philadelphia, PA 19102,<br><br>          Plaintiff,<br><br>    v.<br><br>**VILLANOVA UNIVERSITY**<br>800 Lancaster Avenue<br>Villanova, PA 19085<br><br>    and<br><br>**COLLEGE HALL ASSOCIATES, L.P.,**<br>**d/b/a COLLEGE HALL**<br>**APARTMENTS, a/k/a "THE COURTS"**<br>101 Mill Creek Road<br>Ardmore, PA 19003<br><br>    and<br><br>**COLLEGE HALL G.P.,**<br>**d/b/a COLLEGE HALL**<br>**APARTMENTS, a/k/a "THE COURTS"**<br>101 Mill Creek Road<br>Ardmore, PA 19003<br><br>    and<br><br>**MARKS & COMPANY USA, INC.,**<br>**d/b/a MARKS & COMPANY**<br>101 Mill Creek Road<br>Ardmore, PA 19003<br>          Defendants. | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY<br><br><br>June Term, 2025<br><br>No: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Case ID: 250603095

## COMPLAINT

Plaintiff, JANE DOE, by and through her undersigned counsel, Jay L. Edelstein, Esquire, Edelstein Law, LLP, hereby demands damages from the above-captioned Defendants upon the causes of action set forth below.

## I.     INTRODUCTION

1.      Approximately 1 in 4 undergraduate women (26.4%) experience sexual assault or misconduct involving force or incapacitation during their time in college, according to the 2019 Association of American Universities (AAU) Campus Climate Survey.[1]

2.      College-aged women (18–24) are at a 3 times higher risk of sexual assault than women in the general population, according to the Bureau of Justice Statistics (BJS 2014).[2]

3.      First-year students are at the highest risk, according to RAINN (Rape, Abuse & Incest National Network).[3]

4.      The "Red Zone" is "the period of time from the beginning of fall semester to Thanksgiving break when sexual assaults on U.S. college campuses spike", with "more than 50% of college sexual assaults occur in either August, September, October, or November," according to The Center for Women and Families.[4]

5.      Upon information and belief, and at all pertinent times, Defendants were well aware of the above statistical evidence of the increased risk of sexual assault to female college students before August 25, 2023, when Villanova freshman Jane Doe was sexually assaulted by another

---

[1] https://www.aau.edu/sites/default/files/AAU-Files/Key-Issues/Campus-Safety/Revised%20Aggregate%20report%20%20and%20appendices%201-7_(01-16-2020_FINAL).pdf
[2] Department of Justice, Office of Justice Programs, Bureau of Justice Statistics, Rape and Sexual Victimization Among College-Aged Females, 1995-2013 (2014).
[3] https://rainn.org/statistics/campus-sexual-violence
[4] https://www.thecenteronline.org/community-education-awareness/the-red-zone/

Case ID: 250603095

student on the campus grounds of Defendant Villanova University following the decades-long annual "Sylly Night" debauchery at both Defendant Villanova University and College Hall Apartments.

## II.     **PARTIES**

6.     Plaintiff, JANE DOE (hereinafter "PLAINTIFF" or "JANE DOE"), is an adult citizen and resident of Illinois and is proceeding under a pseudonym, who can be contacted through her attorney at 230 S. Broad Street, Suite 900, Philadelphia, PA 19102.

7.     Plaintiff's name is a pseudonym.  Pseudonyms are appropriate because the nature of the facts herein involve a sexual attack upon JANE DOE. Plaintiff intends to proceed under a pseudonym pursuant to the Court's inherent powers and to protect her privacy in light of the sensitive nature of the claims, which involve sexual assault. The plaintiff believes disclosure of her identity would cause undue harm, embarrassment, and compound her emotional distress.

8.     At all relevant times hereto, Defendant VILLANOVA UNIVERSITY (hereinafter "VILLANOVA"), was a corporation and/or other jural entity duly organized and operating under the laws of the Commonwealth of Pennsylvania. VILLANOVA is a private university founded in 1842. Villanova boasts that it offers 50 undergraduate programs and over 40 master's, doctoral and professional programs.  Defendant's undergraduate program enrolls students from Pennsylvania as well as throughout other states and countries. Its principal campus is located at 800 Lancaster Avenue, Villanova, Delaware County, Pennsylvania.

9.     At all relevant times hereto, Defendant COLLEGE HALL ASSOCIATES, L.P., d/b/a COLLEGE HALL APARTMENTS, a/k/a "COLLEGE HALL" or "THE COURTS" (hereinafter "COLLEGE HALL ASSOCIATES"), was a corporation and/or other jural entity duly

3

Case ID: 250603095

organized and operating under the laws of the Commonwealth of Pennsylvania with a principal place of business at 101 Mill Creek Road, Ardmore, PA 19003.

10.    At all relevant times hereto, Defendant COLLEGE HALL G.P., d/b/a COLLEGE HALL APARTMENTS, a/k/a "COLLEGE HALL" or "THE COURTS" (hereinafter "COLLEGE HALL G.P."), was a corporation and/or other jural entity duly organized and operating under the laws of the Commonwealth of Pennsylvania with a principal place of business at 101 Mill Creek Road, Ardmore, PA 19003.

11.    COLLEGE HALL ASSOCIATES and COLLEGE HALL, G.P. are hereinafter collectively referred to as the "COLLEGE HALL DEFENDANTS."

12.    At all relevant times hereto and upon information and belief, COLLEGE HALL DEFENDANTS owned COLLEGE HALL APARTMENTS.

13.    At all relevant times hereto, Defendant MARKS & COMPANY USA, INC., d/b/a MARKS & COMPANY (hereinafter "MARKS"), was a corporation and/or other jural entity duly organized and operating under the laws of the Commonwealth of Pennsylvania with a principal place of business at 101 Mill Creek Road, Ardmore, PA 19003.

14.    At all relevant times hereto and upon information and belief, MARKS was the management company for COLLEGE HALL DEFENDANTS and COLLEGE HALL APARTMENTS.

III.    **VENUE**

15.    Jurisdiction is pursuant to Pa. R.C.P. 2179 in that a lawsuit against a business can be brought in a county were a corporation (or similar entity) "regularly conducts business."

16.    Upon information and belief, VILLANOVA advertises regularly in Philadelphia, holds classes in Philadelphia, plays and hosts sporting events in Philadelphia, engages students

4

Case ID: 250603095

and their activities, internships, and clinical studies in Philadelphia and hosts online instruction and classes which include students and staff that reside in Philadelphia.

17.    The Pennsylvania Supreme Court has determined that the percentage of business activities alone cannot serve as the sole factor in the regularity of business determination, holding that "a corporation may perform acts 'regularly' even though these acts make up a small part of its total activities." *Hangey v. Husqvarna Professional, Inc.*, 247 A.3d 1136, 2021 (Pa. Super. 2021).

18.    At all relevant times, VILLANOVA carried on substantial business activities within Philadelphia County and the Commonwealth of Pennsylvania.

19.    Venue is therefore proper in the Philadelphia Court of Common Pleas as the VILLANOVA "regularly conducts business" in the City and County of Philadelphia.

IV.    <u>**OPERATIVE FACTS**</u>

A.    <u>**VILLANOVA'S FRESHMAN ORIENTATION**</u>

20.    At all times relevant hereto, JANE DOE was a student at VILLANOVA.

21.    At all times relevant hereto, JANE DOE was a resident of Stanford Hall on the VILLANOVA campus.

22.    In August 2023, JANE DOE was an incoming freshman at VILLANOVA.

23.    Upon information and belief, VILLANOVA did not provide adequate instruction or guidance regarding on- or off-campus alcohol and/or drug use and/or abuse to VILLANOVA freshmen.

24.    Upon information and belief, VILLANOVA did not provide any instruction or guidance regarding sexual abuse and/or misconduct to VILLANOVA freshmen.

Case ID: 250603095

25.    Upon information and belief, VILLANOVA did not provide any warnings regarding on- or off-campus alcohol and/or drug use and/or abuse including at the "COLLEGE HALL APARTMENTS," more commonly known as "COLLEGE HALL" or "THE COURTS."

26.    Upon information and belief, VILLANOVA does not, and all times relevant hereto did not, send any text or e-mail messages or alerts to its students, including JANE DOE, to exercise caution or refrain from engaging in on- or off-campus alcohol and/or drug use and/or abuse or sexual abuse and/or misconduct, including at the "COLLEGE HALL APARTMENTS," more commonly known as "THE COURTS."

27.    Upon information and belief, VILLANOVA hosts a freshman orientation each year.

28.    Upon information and belief, the freshman orientation provided by VILLANOVA to students, including JANE DOE, did not provide any specific instruction or guidance regarding on- or off-campus alcohol and/or drug use and/or abuse.

29.    Upon information and belief, the freshman orientation provided by VILLANOVA to students, including JANE DOE, did not provide any specific instruction or guidance regarding sexual abuse and/or misconduct.

30.    Upon information and belief, during freshmen orientation, VILLANOVA sophomore BILLY O'CONNOR led a freshman orientation breakfast breakout group.

31.    Plaintiff JANE DOE was a participant in O'CONNOR's group.

32.    Upon information and belief, in words or substance, O'CONNOR made the following statements:

    a.   "I'm not supposed to say this."

    b.   "If you go to THE COURTS, don't drink the 'jungle juice.'"

6

Case ID: 250603095

33.     Prior to Mr. O'Connor's statements about THE COURTS, Plaintiff JANE DOE had never even heard of THE COURTS.

34.     The first day of classes at VILLANOVA that year was Wednesday, August 23, 2023.

35.     Upon information and belief, the first week of classes from the first day of classes through the end of that weekend, is known as "sylly week," as that is the period of time when students review their course syllabi with their professors.

36.     Upon information and belief, the evening of the first day of classes at VILLANOVA is known by students to be the first night of parties on- and off-campus.  Furthermore, some VILLANOVA students may refer to this night as "sylly night."

37.     Upon information and belief, "sylly night" is a time that VILLANOVA students, including underaged students, attend parties, drink alcohol served to them by other students, some of legal age, others not of legal age, causing them to become intoxicated and act in an irrational manner.

38.     Upon information and belief, a large percentage of VILLANOVA students, including underaged students, attend "sylly night" at "THE COURTS."

39.     JANE DOE attended "sylly night" at "THE COURTS" during the evening of August 25, 2023.

40.     JANE DOE was under the age of 21 on the evening of August 25, 2023.

41.     While at "THE COURTS", JANE DOE, imbibed alcoholic beverages served to her from within at least one apartment.

42.     Upon information and belief, VILLANOVA does not, and all time relevant hereto did not, send any text or e-mail messages or alerts to its students, including JANE DOE, to exercise

Case ID: 250603095

caution or refrain from engaging in on- or off-campus alcohol and/or drug use and/or abuse or sexual abuse and/or misconduct, if they did indeed decide to attend any "sylly night" activities.

43.    VILLANOVA is known to have a drug, alcohol and sexual assault/abuse and rape problems on its campus.  VILLANOVA'S "Annual Security and Fire Safety Report" of 2023 reported, in part, the following statistics for the years 2020, 2021 and 2022[5]:

| INCIDENT TYPE | 2020 | 2021 | 2022 |
|---|---|---|---|
| RAPE | 3 | 13 | 10 |
| FONDLING | 1 | 7 | 3 |
| STALKING | 2 | 5 | 1 |
| DATING VIOLENCE | 0 | 2 | 10 |
| LIQUOR LAW – REFERRALS | 358 | 355 | 271 |
| DRUG LAW – REFERRALS | 44 | 29 | 45 |

**B.    THE VILLANOVAN ARTICLE**

44.    The Villanovan is a student-run, American university newspaper that is produced in Philadelphia, Pennsylvania. It has been the officially recognized and accredited student newspaper of Villanova University since its founding in 1916.[6]

---

[5] https://www1.villanova.edu/dam/villanova/publicsafety/documents/public-safety-final-2023.pdf - last accessed August 20, 2024.
[6] https://en.wikipedia.org/wiki/The_Villanovan - last accessed August 20, 2024.

Case ID: 250603095

45.    On or about February 21, 2024, the Villanovan published an article entitled "Community Tightens Around the Future of College Hall."[7]

46.    The article included the following quotes:

a.    "College Hall is home to more than 100 Villanova students."

b.    "College Hall has been the recent recipient of a concerted effort by both the Lower Merion Police Department (LMPD) and the University to crack down on residents' behavior and conduct."

c.    "College Hall is its own animal," Lieutenant Edward Sarama of the LMPD said. "It's an echo chamber."

d.    "Police reports from the first two weeks of the Fall 2022 semester indicated that the LMPD received three complaint calls from community members related to College Hall. However, the same reports from the first two weeks of the Fall 2023 semester indicate that the LMPD received 10 complaint calls from the community related to College Hall."

e.    "We receive referrals [to the Dean of Students office] from Lower Merion, not from Marks, and we are made aware that a student was cited," Tom DeMarco, Associate Vice President for Student Life/Dean of Students, said. "Then, we do a follow up."

f.    "Traditional itself, this cycle of consequences appears to be a norm for the University."

---

[7] https://villanovan.com/25064/news/community-tightens-around-the-future-of-college-hall/ - last accessed June 23, 2025.

9

Case ID: 250603095

47.     At all relevant times hereto and prior, VILLANOVA was fully aware of ongoing student misbehavior, underage alcohol consumption and multiple violations of the law that occur and have occurred at THE COURTS for generations of VILLANOVA students.

C.     **"COLLEGE HALL" ("THE COURTS")**

48.     As stated above, College Hall is home to more than 100 Villanova students on an annual and recurring basis.

49.     College Hall has been a long-term nuisance to Lower Merion Township and its police, fire and EMS.

50.     College Hall's students have regularly hosted drug and alcohol induced parties.

51.     College Hall has been the subject of scores of complaints to Lower Merion Township, the Lower Merion Police Department and VILLANOVA.

52.     Pursuant to a Right-To-Know-Law (RTKL) request to the Montgomery County Emergency Communications Division (9-1-1 Center), the following data reflecting calls for service to 801 Montgomery Avenue, Lower Merion Township (THE COURTS) between March 6, 2021 and March 6, 2024 (3 years) was obtained:

    a.   There were 184 calls for service;

    b.   Approximately 164 calls were for police service;

    c.   The police calls for service included, but were not limited to, noise complaints, suspicious activity, directed patrols, foot patrols, disturbances, burglaries, and responses in conjunction with fire and EMS calls;

    d.   EMS and fire related calls included, but were not limited to, fire alarms, people passing out, unknown medical emergencies, overdoses and head injuries.

Case ID: 250603095

53.    Pursuant to a Right-To-Know-Law (RTKL) request to Lower Merion Township, between 2016 and 2024, there were approximately 25 sets of e-mails between Township personnel, board members, police officers, MARKS representatives and VILLANOVA representatives. Many of the e-mail sets provided in the RTKL response included lengthy e-mail chains between the parties.

54.    The content of the e-mails included, but was not limited to:

a.    Revoking approval to rent to students;

b.    Results of court hearings, guilty pleas and fines against MARKS;

c.    Property inspections and issuance of citations to MARKS; and

d.    Setting up meetings with MARKS, VILLANOVA and VILLANOVA students;

55.    Pursuant to a Right-To-Know-Law (RTKL) request to Lower Merion Township, over 50 documents were received dating as far back as 1993.

56.    The content of some of these documents included, but was not limited to:

a.    A 1994 letter from Lower Merion Township to the then property owner (not identified) relating to the number of students that can inhabit a single unit;

b.    A 1994 letter from MARKS indicating they would evict students found to be violating maximum apartment occupancy;

c.    1996, 1999 and 2020 letters from Lower Merion Township to Mill Creek Associates and MARKS, regarding disorderly conduct incidents at THE COURTS;

d.    A 2023 letter from Lower Merion Township to MARKS regarding violations of the number of students residing per unit;

11

Case ID: 250603095

57.    At all relevant times hereto and prior, VILLANOVA, COLLEGE HALL DEFENDANTS, and MARKS, knew, or should have known, that THE COURTS were a breeding ground for illicit activities by VILLANOVA students.

58.    At all relevant times hereto and prior, VILLANOVA, COLLEGE HALL DEFENDANTS, and MARKS, were fully aware of ongoing student misbehavior, underage alcohol consumption and multiple violations of the law that occur and have occurred at THE COURTS for generations of VILLANOVA students.

### D.    **SYLLY NIGHT AT THE COURTS**

59.    On the night of August 25, 2023, at approximately 10:00 p.m., JANE DOE attended "sylly night" at THE COURTS.

60.    JANE DOE was accompanied by three female acquaintances who were also students at VILLANOVA.

61.    Upon information and belief, hundreds of VILLANOVA students were assembled inside and outside THE COURTS.

62.    Upon information and belief, there was no formal security at THE COURTS

63.    Upon information and belief, JANE DOE did not observe an active police presence.

64.    Upon information and belief, there was one individual – believed to be a VILLANOVA fraternity member – at the entrance to the COURTS allowing VILLANOVA students into building.

65.    Upon information and belief, once inside the building, there were males (likely members of VILLANOVA fraternities) standing by each apartment door permitting VILLANOVA students to enter the individual apartments.

12

Case ID: 250603095

66.     Upon information and belief, females under the legal drinking age were freely let into the apartments at THE COURTS.

67.     While traversing the hallways of THE COURTS, JANE DOE observed multiple rooms with large masses of VILLANOVA students, many of whom JANE DOE believed to be under the age of 21, roaming the hallways and entering and leaving multiple rooms.

68.     Inside many of the rooms, JANE DOE observed an innumerable amount of bottles of liquor and beer in plain view.

69.     In the hallways and rooms, JANE DOE observed multiple students imbibing limitless supplies of alcoholic beverages.

70.     JANE DOE was served alcoholic beverages in at least one (1) room.

71.     JANE DOE did not pay for any of the alcoholic beverages she was served.

72.     Upon information and belief, no fees were collected by anyone for any of the alcoholic beverages that were served at THE COURTS that night.

73.     JANE DOE was never asked by anyone to produce any form of identification to establish her age.

74.     Upon information and belief, females under the legal drinking age were freely let in by the hosts at THE COURTS.

75.     JANE DOE became highly intoxicated while at the COURTS.

76.     Pursuant to 18 Pa.C.S. § 6310.1, providing alcohol to a minor (under 21) is illegal.

77.     At all times relevant hereto, VILLANOVA, COLLEGE HALL DEFENDANTS, and MARKS, knew or should have known, that the crime(s) of selling or furnishing alcohol to minors was occurring at THE COURTS, especially during "Sylly Week/Sylly Night," and that VILLANOVA students, like JANE DOE, were the victims of said crime(s).

Case ID: 250603095

E.       **RAPE AND SEXUAL ASSAULT OF JANE DOE**

78.      Around midnight, JANE DOE, now highly intoxicated, traveled in a ride-share vehicle along with her three acquaintances back to VILLANOVA.

79.      Upon returning to VILLANOVA, JANE DOE went to her dormitory at Stanford Hall.

80.      JANE DOE met with her roommate, and then JANE DOE, her roommate, and other friends proceeded to the quad outside of Standford Hall, where they sat down on the benches, and continued to consume alcohol.

81.      Several other VILLANOVA students were openly consuming alcohol on the quad outside of Standford Hall, including a VILLANOVA student COLIN CUMMINGS.

82.      Upon information and belief, there were no police nearby.

83.      Upon information and belief, there were no campus police nearby.

84.      Upon information and belief, there were no Resident Assistant's nearby.

85.      Upon information and belief, there were no staff of VILLANOVA nearby.

86.      Upon information and belief, VILLANOVA freely permitted underage drinking in public on the quad of Stanford Hall.

87.      Sometime later that early morning, most students returned to their dormitories.

88.      COLIN CUMMINGS and JANE DOE continued to drink on a bench outside.

89.      JANE DOE became so intoxicated that she blacked out.

90.      Upon information and belief, COLIN CUMMINGS proceeded to take JANE DOE to the nearby woods.

91.      While under the cover of the trees, COLIN CUMMINGS raped and/or sexually assaulted JANE DOE.

Case ID: 250603095

92.     At all times relevant hereto, due to her intoxication, JANE DOE was rendered incapable of voluntarily consenting to sexual acts.

93.     At all times relevant hereto, due to her intoxication, JANE DOE was rendered incapable of knowingly consenting to sexual acts.

94.     Upon information and belief, COLIN CUMMINGS was with JANE DOE for several hours that early morning.

95.     Around 3 AM, COLIN CUMMINGS smacked JANE DOE in the face to wake her up.

96.     Prior to COLIN CUMMINGS's sexual assault of JANE DOE, she was wearing a t-shirt, jeans shorts, and underwear.

97.     Upon information and belief, when COLIN CUMMINGS woke up JANE DOE, she no longer had underwear on.

98.     JANE DOE was not aware that COLIN CUMMINGS had sex with her until later that day when she woke up in her room without her underwear on.

99.     Upon information and belief, COLIN CUMMINGS brought JANE DOE out of the woods, they headed towards Stanford Hall, and they entered the building through the fire stairwell on the east side of the building.

100.    On or about August 31, 2025, JANE DOE reported her rape and sexual assault to Cathryn Tobin, who was a sophomore at VILLANOVA and a Resident Assistant.

101.    Later, JANE DOE reported her rape and sexual assault to VILLANOVA's Title IX office and the police.

102.    Upon information and belief, VILLANOVA's Title IX investigation did not result in the expulsion of COLIN CUMMINGS.

Case ID: 250603095

103.    Upon information and belief, VILLANOVA's Title IX investigation did not result in any discipline against COLIN CUMMINGS.

104.    VILLANOVA never directed JANE DOE to go to the hospital or a student health facility.

105.    VILLANOVA never directed JANE DOE to get a "rape kit" or a SANE examination.

106.    As JANE DOE attempted to continue her studies at VILLANOVA, she began drinking alcohol excessively and her grades suffered.

107.    JANE DOE returned for the Spring 2023 semester, hoping to have a fresh start. However, she decided to withdraw shortly thereafter.

108.    Upon information belief, VILLANOVA, having been made aware of COLIN CUMMINGS sexual assault against JANE DOE, JANE DOE's trauma and intensive treatment as a result, and her continued run-ins with COLIN CUMMINGS on VILLANOVA's campus, VILLANOVA accepted JANE DOE's withdrawal and refunded her tuition.

109.    As a direct result of the negligent and wrongful conduct of all Defendants as set forth herein, Plaintiff was caused to sustain severe, painful, and permanent personal injuries, including:

      a.    Sexual assault and battery;

      b.    Aggravated indecent assault;

      c.    Post Traumatic Stress Disorder;

      d.    Depression;

      e.    Skin rashes;

      f.    Invasion of physical and personal privacy;

      g.    Past mental anguish;

16

Case ID: 250603095

h.       Future mental anguish;

i.       Past medical expenses;

j.       Future medical expenses;

k.       Past and future loss of earnings;

l.       Past and future loss of earning capacity and other economic losses;

m.       Past and future loss of life's pleasures;

n.       Humiliation and embarrassment;

o.       Disfigurement;

p.       Short-term and long-term disability;

q.       Incidental and other expenses; and

r.       Such other ills and injuries are more aptly described in the medical records, which will be set forth and more fully described as this lawsuit continues.

110.    As a direct and proximate result of the Defendant's negligence, Plaintiff suffered significant intangible losses, including, among other things, grief, anxiety, fear, dread, pain, suffering, bodily deformation, loss of life's pleasures, loss of well-being, and inability to engage in everyday activities, duties, and recreations.

**IV.    CAUSES OF ACTION**

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF JANE DOE v. VILLANOVA**

111.    Plaintiff JANE DOE incorporates the above paragraphs as though set forth at length herein.

112.    At all times relevant hereto, VILLANOVA owed a duty to its students, including JANE DOE, to provide a safe educational and residential environment and to protect them from foreseeable risks of harm.

17

Case ID: 250603095

113.    VILLANOVA had a special relationship with its students, including JANE DOE, imposing a duty to control and protect her.

114.    VILLANOVA had a college-student relationship with its students, including JANE DOE, imposing a duty to control and protect her.

115.    VILLANOVA had a landlord-tenant relationship with its students who resided in university on-campus housing as did JANE DOE

116.    The special relationship, college-student relationship and landlord-tenant relationship between VILLANOVA and its students, including JANE DOE, resembled that of a possessor of land and a business invitee in accordance with Restatement of Torts (Second).

117.    VILLANOVA had a duty to exercise reasonable care to discover that underage alcohol consumption, drug abuse and sexual abuse and misconduct (including rape) was occurring on- and off-campus.

118.    VILLANOVA had a duty to give warnings adequate enough to enable its visitors and students, including JANE DOE, to avoid harm or otherwise protect them from harm.

119.    VILLANOVA represents that its campus is a safe and secure environment for learning.

120.    According to VILLANOVA'S website, "The Public Safety Department is responsible for providing a safe, secure living and learning environment for the Villanova University community."[8]

121.    VILLANOVA'S Associate Vice President of Public Safety and Chief of Police, David G. Tedjeske, in his message on the VILLANOVA website, embodies the aforementioned sentiment:[9]

---

[8] https://www1.villanova.edu/university/public-safety/about.html - last accessed June 23, 2025.
[9] https://www1.villanova.edu/university/public-safety/about.html - last accessed June 23, 2025.

Case ID: 250603095



**CHIEF OF POLICE'S MESSAGE**

The Villanova University Department of Public Safety works hard to be a trusted resource for all students, faculty and staff. We pride ourselves in being guardians of Villanova's community—an integral part of our Augustinian Catholic University and examples of our values of fairness, compassion and integrity.

We are always striving to do better. In that work, we particularly focus on the following elements: community outreach, accountability, ongoing training and hiring the right people to provide police and public safety services in a college environment.

Please don't hesitate to contact me with questions, concerns, or general comments regarding campus safety or the service you've received. I can be reached by phone at (610) 519-6982 or by email.

Sincerely,

David G. Tedjeske
Associate Vice President of Public Safety and Chief of Police

122.    Based upon the aforementioned statistics (see ¶ 43, *supra),* VILLANOVA negligently misrepresented that its campus is a safe and secure environment for its students.

123.    VILLANOVA'S negligence, recklessness and outrageous conduct consisted of the following:

   a.   Failing to adequately warn its students, including JANE DOE, about the illicit and underage use of alcohol and drugs on its campus;

   b.   Failing to adequately warn its students, including JANE DOE, about sexual abuse/misconduct and rape on its campus;

   c.   Failing to adequately warn its students, including JANE DOE, regarding the known issues of illicit and underage use of alcohol and drugs at THE COURTS;

   d.   Failing to adequately warn its students, including JANE DOE, about illicit activities associated with "sylly night";

19

Case ID: 250603095

e.  Failing to adequately warn its students, including JANE DOE, that illicit activities such as underage alcohol and drug use may lower inhibitions and prevent them from protecting themselves from, or subjecting themselves to, harm, including being sexually assaulted or raped;

f.  Failing to communicate with COLLEGE HALL DEFENDANTS, MARKS and the Lower Merion Township Police Department regarding security and enforcement of Commonwealth laws and VILLANOVA rules and codes of conduct at THE COURTS on "sylly night";

g.  Failing to provide security or supervision for the protection of its students at THE COURTS on "sylly night";

h.  Failing to provide security in the dormitories and campus grounds, including JANE DOE's dorm and quad, to detect intoxicated students returning from "sylly night";

i.  Failing to provide emotional support and/or medical assistance to intoxicated and underage students, including JANE DOE, upon their return to campus from "sylly night";

j.  Failing to send text messages or e-mails to students warning them of the ramifications of overindulgence of alcohol or drugs, especially in or around the time of "sylly night";

k.  Failing to require Resident Advisors/Assistants (RA) be present at the entrance to their dormitories to monitor returning students from "sylly night" for signs of intoxication or substance abuse;

Case ID: 250603095

l.   Failing to require RAs to monitor their dormitory hallways for intoxicated students;

m.   Failing to train RAs to recognize intoxicated or substance abused students;

n.   Failing to require RAs to have regular meetings, especially at the start of the school year or on "sylly night", to discuss alcohol use and/or abuse, underage alcohol use and/or abuse, drug abuse, and/or sexual abuse/misconduct/rape wit their assigned residential students;

o.   Failing to require RAs to search residential students' dorm rooms unannounced for illicit alcohol, drugs or other contraband;

p.   Failing to provide a safe educational and residential environment;

q.   Failing to use reasonable care under the circumstances; and

r.   Other negligent and reckless acts that may be learned from information currently and solely in the possession of VILLANOVA.

124.   VILLANOVA engaged in conduct that demonstrated a willful and wanton disregard for the safety and well-being of its students, including JANE DOE

125.   As a direct and proximate result of the aforesaid negligence, recklessness and gross negligence of VILLANOVA, Plaintiff JANE DOE was caused to be abused and sexually assaulted (i.e. raped) by another VILLANOVA student.

126.   Plaintiff JANE DOE suffered significant emotional and physical harm as a direct and proximate result of the negligence, recklessness, and outrageous conduct of VILLANOVA and its employees, agents, and administrators.  The negligence, recklessness, and outrageous conduct was a substantial factor in causing, and did proximately cause, JANE DOE to become highly intoxicated and subsequently raped, severe and permanent injury along with past and future

Case ID: 250603095

damages, including, but not limited to mental anguish, embarrassment, loss of self-worth, fear, flashbacks, nightmares, loss of intimacy, pain, inability to experience sexual intimacy, humiliation, loss of life's pleasures, and other physical and mental injuries presently and which may be diagnosed in the future.

127.    Plaintiff JANE DOE's injuries were caused solely by the negligence, recklessness, and outrageous conduct of VILLANOVA and were not caused by the Plaintiff in any part.

**WHEREFORE**, Plaintiff JANE DOE demands judgment in her favor, including compensatory damages and punitive damages against VILLANOVA, including costs, damages for pre-judgment delay and any other relief the Court shall order, in excess of any applicable arbitration limits.

**COUNT II**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF JANE DOE v. VILLANOVA**

128.    Plaintiff JANE DOE incorporates the above paragraphs as though set forth at length herein.

129.    VILLANOVA had a pre-existing special relationship, college-student relationship and landlord-tenant relationship with JANE DOE

130.    VILLANOVA's pre-existing special relationship, college-student relationship and landlord-tenant relationship created a duty of care to its students, including JANE DOE

131.    VILLANOVA breached the pre-existing special relationship, college-student relationship and landlord-tenant relationship as iterated above.

132.    VILLANOVA's breach of the pre-existing special relationship, college-student relationship and landlord-tenant relationship created foreseeable emotional harm so extreme that a reasonable person, such as JANE DOE, should not be expected to endure the resulting distress.

Case ID: 250603095

133.    As a direct and proximate result of the negligent and reckless conduct of VILLANOVA described above, Plaintiff JANE DOE was raped by another VILLANOVA student and suffered severe emotional distress.

134.    Plaintiff JANE DOE seeks punitive damages against VILLANOVA for their malicious and/or negligent, wanton and reckless acts and omissions described above.

135.    Plaintiff JANE DOE's injuries were caused solely by the negligence, recklessness, and outrageous conduct of VILLANOVA and were not caused by the Plaintiff in any part.

**WHEREFORE**, Plaintiff JANE DOE demands judgment in her favor, including compensatory damages and punitive damages against VILLANOVA, including costs, damages for pre-judgment delay and any other relief the Court shall order, in excess of any applicable arbitration limits.

<u>**COUNT III**</u>
<u>**NEGLIGENCE**</u>
<u>**PLAINTIFF JANE DOE v. COLLEGE HALL DEFENDANTS AND MARKS**</u>

136.    Plaintiff JANE DOE incorporates the above paragraphs as though set forth at length herein.

137.    At all relevant times hereto, COLLEGE HALL DEFENDANTS owned the property at 801 Montgomery Avenue, in Lower Merion Township, Pennsylvania, known as the COLLEGE HALL APARTMENTS, a/k/a "COLLEGE HALL" or "THE COURTS".

138.    Upon information and belief, at all relevant times hereto, MARKS was the management company for the COLLEGE HALL DEFENDANT'S property known as the COLLEGE HALL APARTMENTS, a/k/a "COLLEGE HALL" or "THE COURTS".

139.    COLLEGE HALL DEFENDANTS and MARKS knew, or should have known, that the COLLEGE HALL APARTMENTS rented primarily to VILLANOVA students.

Case ID: 250603095

140.    COLLEGE HALL DEFENDANTS and MARKS knew, or should have known, that that the COLLEGE HALL APARTMENTS were the subject of multiple complaints from the community and incurred multiple responses from various law enforcement agencies, fire departments and EMS agencies.

141.    COLLEGE HALL DEFENDANTS and MARKS knew, or should have known, that on many occasions, VILLANOVA students residing at COLLEGE HALL APARTMENTS allowed individuals, sometimes numbering in the hundreds, who were not tenants of COLLEGE HALL APARTMENTS to attend functions, parties, open houses, etc., where alcohol was served to underage people, including JANE DOE.

142.    COLLEGE HALL DEFENDANTS and MARKS knew, or should have known, that annually, on the first night of classes at VILLANOVA, an event known as "sylly night" brought hundreds of VILLANOVA students to the COLLEGE HALL APARTMENTS.

143.    COLLEGE HALL DEFENDANTS and MARKS knew, or should have known, that many of the VILLANOVA students attending "sylly night" were under the age of 21.

144.    COLLEGE HALL DEFENDANTS and MARKS knew, or should have known, that many of the VILLANOVA students attending "sylly night" would indulge in drinking alcohol on their premises.

145.    COLLEGE HALL DEFENDANTS and MARKS knew, or should have known, that their tenants hosted many of the parties at COLLEGE HALL APARTMENTS, allowed non-tenants to attend the parties, allowed attendees to congregate in the hallways and on the outskirts of the building, allowed tenants to keep their apartment doors open to which attendees could enter and consume readily available alcoholic beverages, and allowed unfettered consumption of alcoholic beverages under these circumstances.

24

Case ID: 250603095

146.    At all times relevant hereto and upon information and belief, COLLEGE HALL DEFENDANTS and MARKS made no arrangements for security or law enforcement to be present at COLLEGE HALL APARTMENTS on "sylly night."

147.    At all times relevant hereto and upon information and belief, there was no security or consistent police presence at COLLEGE HALL APARTMENTS on "sylly night."

148.    JANE DOE attended "sylly night" activities at COLLEGE HALL APARTMENTS.

149.    JANE DOE was granted unfettered access to the COLLEGE HALL APARTMENTS property, including the hallways and apartments therein.

150.    JANE DOE was allowed to imbibe alcoholic beverages provided to her without any form of age verification by tenants of COLLEGE HALL APARTMENTS.

151.    JANE DOE became intoxicated while at the COLLEGE HALL APARTMENTS.

152.    JANE DOE's faculties, as a result of her intoxication, became inhibited.

153.    JANE DOE was subsequently raped due to her being inhibited as a result of intoxication that occurred while at the COLLEGE HALL APARTMENTS on "sylly night."

154.    JANE DOE was a public invitee at the COLLEGE HALL APARTMENTS.

155.    COLLEGE HALL DEFENDANTS and MARKS, as the property owner and management company, respectively, knew or should have known that dangers existed at COLLEGE HALL APARTMENTS, especially on "sylly night" that is the subject of this Complaint.

156.    COLLEGE HALL DEFENDANTS and MARKS, as the property owner and management company, respectively, owed a duty to JANE DOE as an invitee, to warn her of the risks of harm that could occur and indeed did occur.

25

Case ID: 250603095

157.    COLLEGE HALL DEFENDANTS and MARKS, as the property owner and management company, respectively, owed a duty to JANE DOE as an invitee, to inspect the premises for any known dangers that might harm her.

158.    COLLEGE HALL DEFENDANTS and MARKS, as the property owner and management company, respectively, owed a duty to JANE DOE as an invitee, to keep her safe from the foreseeable dangers and risks of harm that were present on "sylly night" that is the subject of this Complaint.

159.    COLLEGE HALL DEFENDANTS' and MARKS' negligence, recklessness and outrageous conduct consisted of the following:

   a.   Failing to adequately warn its invitees, including JANE DOE, of the dangers and risk of harm present on their property, including on "sylly night";

   b.   Failing to adequately warn its invitees, including JANE DOE, regarding the known issues of illicit and underage use of alcohol and drugs on their property, including on "sylly night";

   c.   Failing to adequately warn its invitees, including JANE DOE, about illicit activities on their property associated with "sylly night";

   d.   Failing to adequately warn its invitees, including JANE DOE, that illicit activities such as underage alcohol and drug use may lower inhibitions and prevent them from protecting themselves from, or subjecting themselves to, harm, including being sexually abuse or raped;

   e.   Failing to communicate with VILLANOVA and the Lower Merion Township Police Department regarding security and enforcement of Commonwealth laws

26

Case ID: 250603095

and VILLANOVA rules and codes of conduct on their property, including on "sylly night";

f.  Failing to provide security or supervision for the protection of its invitees, including JANE DOE, on their property on "sylly night";

g.  Failing to provide security or supervision for the protection it invitees, including JANE DOE, in the hallways of their property, to detect underage alcohol consumption, especially on "sylly night";

h.  Failing to provide emergency medical assistance to intoxicated and underage students, including JANE DOE, while on their property on "sylly night";

i.  Failing to provide a safe and environment about their property, especially on "sylly night";

j.  Failing to use reasonable care under the circumstances; and

k.  Other negligent and reckless acts that may be learned from information currently and solely in the possession of COLLEGE HALL DEFENDANTS and MARKS.

160.    COLLEGE HALL DEFENDANTS and MARKS engaged in conduct that demonstrated a willful and wanton disregard for the safety and well-being of its invitees, including JANE DOE

161.    As a direct and proximate result of the aforesaid negligence, recklessness and gross negligence of COLLEGE HALL DEFENDANTS and MARKS, Plaintiff JANE DOE was caused to become intoxicated which lowered her inhibitions which subsequently cause her to be abused and sexually abused (i.e. raped) by another VILLANOVA student.

27

Case ID: 250603095

162.    Plaintiff JANE DOE suffered significant emotional and physical harm as a direct and proximate result of the negligence, recklessness, and outrageous conduct of COLLEGE HALL DEFENDANTS and MARKS and its employees, agents, and administrators.  The negligence, recklessness, and outrageous conduct was a substantial factor in causing, and did proximately cause, JANE DOE to become highly intoxicated and subsequently raped, severe and permanent injury along with past and future damages, including, but not limited to mental anguish, embarrassment, loss of self-worth, fear, flashbacks, nightmares, loss of intimacy, pain, inability to experience sexual intimacy, humiliation, loss of life's pleasures, and other physical and mental injuries presently and which may be diagnosed in the future.

163.    Plaintiff JANE DOE's injuries were caused solely by the negligence, recklessness, and outrageous conduct of COLLEGE HALL DEFENDANTS and MARKS and were not caused by the Plaintiff in any part.

**WHEREFORE**, Plaintiff JANE DOE demands judgment in her favor, including compensatory damages and punitive damages against COLLEGE HALL DEFENDANTS and MARKS, including costs, damages for pre-judgment delay and any other relief the Court shall order, in excess of any applicable arbitration limits.

<u>**COUNT IV**</u>
<u>**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**</u>
<u>**PLAINTIFF JANE DOE v. COLLEGE HALL DEFENDANTS AND MARKS**</u>

164.    Plaintiff JANE DOE incorporates the above paragraphs as though set forth at length herein.

165.    COLLEGE HALL DEFENDANTS and MARKS owned and managed, respectively, COLLEGE HALL APARTMENTS.

Case ID: 250603095

166.    Plaintiff JANE DOE was an invitee of COLLEGE HALL DEFENDANTS and MARKS.

167.    COLLEGE HALL DEFENDANTS and MARKS owed a duty of care to its invitees, including JANE DOE

168.    COLLEGE HALL DEFENDANTS and MARKS breached the duty of care owed to its invitees, including JANE DOE

169.    COLLEGE HALL DEFENDANTS and MARKS breach of the duty of care owed to its invitees created foreseeable emotional harm so extreme that a reasonable person, such as JANE DOE, should not be expected to endure the resulting distress.

170.    As a direct and proximate result of the negligent and reckless conduct of COLLEGE HALL DEFENDANTS and MARKS described above, Plaintiff JANE DOE was caused to become intoxicated which lowered her inhibitions which subsequently cause her to be abused and sexually assaulted (i.e. raped) by another VILLANOVA student.

171.    As a direct and proximate result of the negligent and reckless conduct of COLLEGE HALL DEFENDANTS and MARKS described above, Plaintiff JANE DOE was caused to become intoxicated which lowered her inhibitions which subsequently cause her to be abused and sexually assaulted (i.e. raped) by another VILLANOVA student and which further caused her to suffer severe emotional distress.

172.    Plaintiff JANE DOE seeks punitive damages against COLLEGE HALL DEFENDANTS and MARKS for their malicious and/or negligent, wanton and reckless acts and omissions described above.

Case ID: 250603095

173.    Plaintiff JANE DOE's injuries were caused solely by the negligence, recklessness, and outrageous conduct of COLLEGE HALL DEFENDANTS and MARKS and were not caused by the Plaintiff in any part.

**WHEREFORE**, Plaintiff JANE DOE demands judgment in her favor, including compensatory damages and punitive damages against COLLEGE HALL DEFENDANTS and MARKS, including costs, damages for pre-judgment delay and any other relief the Court shall order, in excess of any applicable arbitration limits.

Respectfully Submitted,

**EDELSTEIN LAW, LLP**

BY:_____

JAY L. EDELSTEIN, ESQUIRE
*Attorney for Plaintiffs*

Case ID: 250603095

# <u>VERIFICATION</u>

    I, <u>Jane Doe</u>, do hereby verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge.  Plaintiff understands that false statements herein are made subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.

<u>Jane Doe (Jun 26, 2025 22:20 CDT)</u>

JANE DOE

# Doe - Verification - Complaint

**Final Audit Report** 2025-06-26

| | |
|---|---|
| Created: | 2025-06-26 |
| By: | Stephen Kotzen (skotzen@edelsteinlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAASl8GK4J0yCaPXp8Y91S2ZtfJ_qYyr9gv |

## "Doe - Verification - Complaint" History

📄 Document created by Stephen Kotzen (skotzen@edelsteinlaw.com)
2025-06-26 - 0:55:04 AM GMT

✉ Document emailed to ██████████@gmail.com for signature
2025-06-26 - 0:55:15 AM GMT

📄 Email viewed by ██████████@gmail.com
2025-06-26 - 3:19:34 AM GMT

✎ Signer ██████████@gmail.com entered name at signing as Jane Doe
2025-06-26 - 3:20:07 AM GMT

✎ Document e-signed by Jane Doe (██████████@gmail.com)
Signature Date: 2025-06-26 - 3:20:09 AM GMT - Time Source: server

✅ Agreement completed.
2025-06-26 - 3:20:09 AM GMT

**Adobe Acrobat Sign**