**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jane Doe | No. 25-cv-03350-MRP |
| Plaintiff, | JURY DEMANDED |
| v. | |
| Villanova University, et al. | |
| Defendants. | |

**DEFENDANT VILLANOVA UNIVERSITY'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Villanova University ("Villanova" or the "University"), by and through its undersigned counsel, Saul Ewing LLP, hereby answers the First Amended Complaint (Doc. 19) of Plaintiff Jane Doe ("Plaintiff" or "Doe").

The numbered paragraphs and headings of this Answer correspond with the numbered paragraphs and headings of Plaintiff's First Amended Complaint and, unless specifically admitted herein, each factual allegation in Plaintiff's First Amended Complaint is denied.

**I.    CONCERNING "INTRODUCTION"**

1.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, the University lacks information sufficient to admit or deny the information in the cited survey, or the statistical bases for same, and therefore these averments are denied.

2.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, the University lacks information sufficient to admit or deny the information in the cited survey, or the statistical bases for same, and therefore these averments are denied.

1

57840627.4 06/08/2026

3.     This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, the University lacks information sufficient to admit or deny the information in the cited survey, or the statistical bases for same, and therefore these averments are denied.

4.     This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, the University lacks information sufficient to admit or deny the information in the cited survey, or the statistical bases for same, and therefore these averments are denied.

5.     Denied.

## II.    CONCERNING "PARTIES"

6.     Admitted, upon information and belief.

7.     Admitted in part and denied in part. Admitted that "Jane Doe" is a pseudonym. Denied that use of a pseudonym is appropriate. By way of further explanation, Plaintiff has not sought relief from Federal Rule of Civil Procedure 10(a) which requires her to "name all the parties" in the civil action.

8.     Admitted in part and denied in part. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all relevant times hereto," and, as such, the allegation that certain facts existed at "all relevant times hereto" is denied. It is admitted that the University is a private university founded in 1842 and that the remaining averments of this paragraph describe in part the University's current offerings, enrollment, and location.

9.     The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge

2

57840627.4 06/08/2026

to admit or deny the averments in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

10. The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averments in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

11. The averments in this paragraph are such that no response is required. To the extent a response is deemed required, admitted.

12. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averment in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

13. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averment in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

14. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averment in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

### III.   CONCERNING "VENUE"

15. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

16. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

17. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

18. The averments in this paragraph are conclusions of law to which no response is required. Moreover, the University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all relevant times." To the extent a response is deemed required, the averments in this paragraph are denied.

19. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

### IV.   CONCERNING "OPERATIVE FACTS"

#### A.   CONCERNING "VILLANOVA'S FRESHMAN ORIENTATION"

20. Denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto." Admitted that Plaintiff was enrolled as a student at Villanova during academic year 2023-2024.

57840627.4 06/08/2026

21. Denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto." Admitted that Plaintiff was a resident of Stanford Hall on the Villanova campus during portions of academic year 2023-2024.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

30. Denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "freshman orientation breakfast breakout group." Admitted that student Billy O'Connor was an Orientation Counselor at Villanova during academic year 2023-2024 and that Doe was assigned to his group.

31. Denied as stated. The University lacks information sufficient to admit or deny whether Doe actively participated in any specific orientation activity. Admitted that student Billy O'Connor was an Orientation Counselor at Villanova during academic year 2023-2024 and that Doe was assigned to his group.

32. The University lacks information sufficient to admit or deny whether such statements were made "in words or substance" and as such the averments of this paragraph are denied.

57840627.4 06/08/2026

33. The University lacks information sufficient to admit or deny Doe's representation of her own listening or awareness and as such the averments of this paragraph are denied.

34. Admitted.

35. The University is without knowledge to admit or deny how any individual students at Villanova, including Plaintiff, use or interpret the term "sylly week," which is not an official term used by the University, and as such denies the averments of this paragraph. By way of further explanation, upon information and belief, the term "sylly week" or "syllabus week" is a term used by students at many institutions of higher education to refer to the first week of classes.

36. The University is without knowledge to admit or deny when unnamed students at Villanova may have had or attended social events, or how unnamed students at Villanova may use or interpret the term  "sylly night," which is not an official term used by the University. As such, the averments of this paragraph are denied.

37. Denied. By way of further explanation, many Villanova students, both those under the age of 21 and those over the age of 21, do not attend parties, drink alcohol, become intoxicated, and act in an irrational manner during the first week of classes or on other dates, and as such, any reference to "Villanova students" writ large engaging in such behaviors is inaccurate.

38. The University is without knowledge to admit or deny when unspecified "parties" may have occurred, or whether unnamed attendees may refer to same as "sylly week parties," as the term  "sylly week" is not an official term used by the University. As such, the averments of this paragraph are denied.

39. The University is without knowledge to admit or deny when unspecified "parties" may have occurred, or whether unnamed attendees may refer to same as "sylly week parties," as

57840627.4 06/08/2026

the term "sylly week" is not an official term used by the University. As such, the averments of this paragraph are denied.

40.    The University is without knowledge to admit or deny what constitutes a "large percentage" of its more than 10,000 students, and is not apprised of how many, if any, of its students may be present at off-campus locations over which the University has no authority or control, The Courts or otherwise, on any given day during the first week of classes or on other dates. As such, the University denies the averments of this paragraph.

41.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

42.    Admitted.

43.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

44.    Denied.

45.    Denied as stated. Admitted that the University publishes an Annual Security and Fire Safety Report (an "ASR," also known as a "Clery Report") in satisfaction of its obligations under the Jeanne Clery Campus Safety Act (the "Clery Act"). Admitted that, per the Clery Act's implementing regulations, 34 CFR 668.46, the ASR contains "crime statistics" pertaining to reports of certain criminal offenses, including rape, fondling, stalking, dating violence, and liquor and drug law violations. By way of further explanation, the ASR's crime statistics reflect all crimes which are reported to "campus security authorities," and which occur within an institution's "Clery geography" in a calendar year, regardless of whether the offense is substantiated and regardless of whether the offense even *occurred* in that year, as opposed to being *reported* in that year. *See* 34

7

CFR 668.46(c)(3). Admitted that Villanova's 2023 ASR reported, in part, the following statistics for reports made during the years 2020, 2021 and 2022:

| Incident Type | 2020 | 2021 | 2022 |
|---|---|---|---|
| Rape (on campus) | 3 | 13 | 10 |
| Fondling (on campus) | 1 | 7 | 3 |
| Stalking (on campus) | 2 | 5 | 1 |
| Dating Violence (on campus) | 0 | 2 | 10 |
| Liquor Law Referrals (on campus, non campus, and public property) | 358 | 355 | 271 |
| Drug Law Referrals (on campus, non campus, and public property) | 44 | 29 | 45 |

## B.    CONCERNING "THE VILLANOVAN ARTICLE"

46.    Admitted that The Villanovan is a student-run university newspaper headquartered in Villanova, Pennsylvania. The remaining averments of this paragraph are denied.

47.    This paragraph cites a written document (hereafter, "The Villanovan Article") that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted.

48.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted that these quotations appear in The Villanovan article.

49.    The University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto and prior," and, as such, the averments, including that certain facts existed at "all relevant times hereto and prior," are denied.

57840627.4 06/08/2026

### C.    CONCERNING "COLLEGE HALL ('THE COURTS')"

50.    Denied. The number of Villanova students who choose to live at College Hall or other places of residence in proximity to the University's campus varies on an annual basis.

51.    The University is without knowledge to admit or deny the views Lower Merion Township and its police, fire, and EMS have of College Hall and as such the averments of this paragraph are denied.

52.    The University is without knowledge to admit or deny the activities of students matriculated at Villanova or at other institutions of higher education in the vicinity who reside at College Hall, as College Hall is an off-campus residence outside the University's authority and control. As such, the averments of this paragraph are denied.

53.    The University is without knowledge to admit or deny averments about any complaints received by Lower Merion Township or the Lower Merion Police Department, and the University is not situated to receive "complaints" about off-campus premises over which it has no authority or control, and as such, the averments of this paragraph are denied.

54.    This paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's First Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

55.    This paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's First Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

56.    This paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, denied. By way

of further explanation, this documentation was not appended to Plaintiff's First Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

57. This paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's First Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

58. This paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's First Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

59. To the extent the averments of this paragraph relate to defendants other than the University, no response is required. As to Villanova, the University lacks information sufficient to admit or deny the averments, including what Plaintiff means by the phrase "at all relevant times hereto and prior," and, as such, the averments, including that certain facts existed at "all relevant times hereto and prior," are denied.

60. To the extent the averments of this paragraph relate to defendants other than the University, no response is required. As to Villanova, the University lacks information sufficient to admit or deny the averments, including what Plaintiff means by the phrase "at all relevant times hereto and prior," and, as such, the averments, including that certain facts existed at "all relevant times hereto and prior," are denied.

**D.    CONCERNING "VILLANOVA'S STUDENT HANDBOOK AND CODE OF CONDUCT"**

61. This paragraph states a legal theory and conclusion of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to

10

57840627.4 06/08/2026

be factual, they purport to describe and characterize written documents that speak for themselves and, as such, no response is required, and any mischaracterization thereof is denied. By way of further answer, no "Handbook" or "Code of Conduct" "establish[es] [a] relationship" between the University and the College Hall Defendants.

62. This paragraph states a legal theory and conclusion of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, they purport to describe and characterize written documents that speak for themselves and, as such, no response is required, and any mischaracterization thereof is denied. To the extent a further response is deemed required, denied.

63. This paragraph states a legal theory and conclusion of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, they purport to describe and characterize written documents that speak for themselves and, as such, no response is required, and any mischaracterization thereof is denied. To the extent a further response is deemed required, denied.

64. This paragraph purports to describe and characterize written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, admitted only that this text appears in both "Villanova University 2022-23 Student Handbook" and "Villanova University 2025-26 Student Handbook," and otherwise, denied.

65. This paragraph states a legal theory and conclusion of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, they purport to describe and characterize written documents that speak for themselves and, as such, no response is required, and any mischaracterization thereof is denied. To the extent a further response is deemed required, admitted only that this text appears in "Villanova University

11

2022-23 Student Handbook" and in substantially similar form in "Villanova University 2025-26 Student Handbook," and otherwise, denied.

66.     This paragraph states a legal theory and conclusion of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, they purport to describe and characterize written documents that speak for themselves and, as such, no response is required, and any mischaracterization thereof is denied. To the extent a further response is deemed required, denied.

67.     This paragraph purports to describe and characterize written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, admitted only that this text appears in both "Villanova University 2022-23 Student Handbook" and "Villanova University 2025-26 Student Handbook," and otherwise denied.

68.     Denied.

69.     This paragraph states a legal theory and conclusion of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, they purport to describe and characterize written documents that speak for themselves and, as such, no response is required, and any mischaracterization thereof is denied. To the extent a further response is deemed required, admitted only that the "Off-Campus Expectations" text appears in both "Villanova University 2022-23 Student Handbook" and "Villanova University 2025-26 Student Handbook," and that the "Residency Requirement and Housing Guarantee" text appears in "Villanova University 2022-23 Student Handbook." Otherwise, denied.

70.     This paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, admitted only

that both "Villanova University 2022-23 Student Handbook" and "Villanova University 2025-26 Student Handbook" contain sections entitled "Alcohol Policy," and otherwise denied.

71.     This paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, denied as stated. Admitted only that the University takes care to educate students that alcohol can be involved in campus sexual assaults.

72.     This paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, admitted only that this text appears in "Villanova University 2022-23 Student Handbook," and otherwise denied.

73.     This paragraph states a legal theory and conclusion of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, they purport to describe and characterize written documents that speak for themselves and, as such, no response is required, and any mischaracterization thereof is denied. To the extent a further response is deemed required, denied.

### E.     CONCERNING "SYLLY WEEK PARTIES AT THE COURTS"

74.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

75.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

76.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

77.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

57840627.4 06/08/2026

78. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

79. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

80. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

81. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

82. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

83. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

84. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

85. Admitted, upon information and belief, that Plaintiff consumed alcoholic beverages while at The Courts.

86. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

87. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

88. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

14

89.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

90.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

91.     The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, admitted.

92.     This paragraph states a legal theory and conclusion of law to which no response is required, and it is therefore denied.  To the extent the averments of this paragraph relate to defendants other than the University, no response is required. As to Villanova, the University lacks information sufficient to admit or deny the averments, including what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the averments of this paragraph are denied.

### F.    CONCERNING "RAPE AND SEXUAL ASSAULT OF JANE DOE"

93.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

94.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

95.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

96.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

97.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

98.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

15

99. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

100. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

101. Denied.

102. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

103. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

104. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

105. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

106. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

107. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

108. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

109. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

110. The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

111.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

112.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

113.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

114.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

115.    Denied as stated. Admitted that, upon information and belief, on August 29, 2023, Plaintiff disclosed an unspecified incident of sexual misconduct to Resident Assistant Catherine Tobin.

116.    Denied as stated. Admitted that, upon information and belief, on August 30, 2023, a representative of the University's Title IX Office contacted Plaintiff, who had met with another University professional staff member (*i.e.,* not student staff member) member after speaking to Tobin, and Plaintiff agreed to meet the next day (August 31, 2023) with a representative of the Title IX Office. Admitted that, upon information and belief, during that meeting, Plaintiff was asked to speak to a representative of Public Safety, and did so, although she declined at that time to reveal her name, and did not agree to reveal her name to Public Safety until the next day, September 1, 2023.

117.    Denied as stated. Admitted that Plaintiff never filed a Title IX complaint with the University, despite having been repeatedly offered the opportunity to do so, both verbally and in writing. By way of further explanation, in the absence of a formal complaint, the University does not, consistent with federal regulations, *see* 34 C.F.R. § 106.45, and its own Sexual Misconduct

17

Policy, conduct a Title IX investigation and/or adjudication, which is required before the imposition of any disciplinary sanctions.

118.    Denied as stated. Admitted that Plaintiff never filed a Title IX complaint with the University, despite having been repeatedly offered the opportunity to do so, both verbally and in writing. By way of further explanation, in the absence of a formal complaint, the University does not, consistent with federal regulations, *see* 34 C.F.R. § 106.45, and its own Sexual Misconduct Policy, conduct a Title IX investigation and/or adjudication, which is required before the imposition of any disciplinary sanctions.

119.    Denied. By way of further explanation, Doe was repeatedly offered options to receive medical attention, verbally and in writing; in fact, a member of the Title IX Office actually scheduled an appointment for Doe with the Student Health Center and even called Doe afterwards to check in with her.

120.    Denied. By way of further explanation, Doe was repeatedly offered options to receive medical attention and advised about the preservation of evidence, verbally and in writing.

121.    Admitted, upon information and belief.

122.    The University is without knowledge to admit or deny averments about Plaintiff's hopes and as such any averments relating thereto are denied. Admitted that Plaintiff returned to Villanova for the Spring 202**4** semester, which began on January 16, 2024, and that Plaintiff notified the University of her intent to withdraw on January 29, 2024.

123.    Denied as stated. Admitted only that Plaintiff successfully withdrew from the University and received a refund.

124.    This paragraph states a legal theory and conclusions of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to

18

be factual, the University is without knowledge to admit or deny the averments of this paragraph pertaining to Plaintiff's alleged injuries. To the extent a response is deemed required, denied. The University specifically denies that it was the direct or proximate cause of any of Plaintiff's purported damages.

125.    This paragraph states a legal theory and conclusions of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, the University is without knowledge to admit or deny the averments of this paragraph pertaining to Plaintiff's alleged injuries. To the extent a response is deemed required, denied. The University specifically denies that it was the direct or proximate cause of any of Plaintiff's purported damages.

## V.    CONCERNING "CAUSES OF ACTION"

### COUNT I
### NEGLIGENCE
### PLAINTIFF JANE DOE v. VILLANOVA

126.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

127.    The averments in this paragraph are conclusions of law to which no response is required, and they are denied. Moreover, the University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the allegation that certain facts existed at "all times relevant hereto" is denied.

128.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

129.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

57840627.4 06/08/2026

130. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

131. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

132. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

133. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

134. Denied as stated. Admitted that the University works hard to promote campus safety. The University is not aware of having made the precise statement that its "campus is a safe and secure environment for learning," and, as such, denies same.

135. This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted.

136. This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied that the written document "embodies" anything other than the words it contains.

137. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied. By way of further explanation, the fact that the University publishes these crime statistics indicates that the University does not misrepresent the safety of its campus. Plaintiff has not alleged that the crime statistics are inaccurate or incomplete.

138. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

20

139. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

140. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

141. This paragraph states a legal theory and conclusions of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, the University is without knowledge to admit or deny the averments of this paragraph pertaining to Plaintiff's alleged injuries. To the extent a response is deemed required, denied. The University specifically denies that it was the direct or proximate cause of any of Plaintiff's purported damages.

142. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied. The University specifically denies that it was the direct or proximate cause of any of Plaintiff's purported damages.

**COUNT II**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF JANE DOE v. VILLANOVA**

143. This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

144. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

145. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

146. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

21

57840627.4 06/08/2026

147. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied. The University specifically denies that it was the direct or proximate cause of any of Plaintiff's purported damages.

148. This paragraph states a legal theory and conclusions of law to which no response is required, and it is therefore denied. To the extent the averments of this paragraph are deemed to be factual, the University is without knowledge to admit or deny the averments of this paragraph pertaining to Plaintiff's alleged injuries. To the extent a response is deemed required, the averments of this paragraph are denied. The University specifically denies that it was the direct or proximate cause of any of Plaintiff's purported damages.

149. The averments in this paragraph are such that no response is required. To the extent a response is deemed required, it is admitted that Plaintiff seeks punitive damages. It is denied that Plaintiff is entitled to same. The remaining averments of this paragraph are denied.

150. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied. The University specifically denies that it was the direct or proximate cause of any of Plaintiff's purported damages.

## COUNT III
## NEGLIGENCE
## PLAINTIFF JANE DOE v. COLLEGE HALL DEFENDANTS AND MARKS

151. This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

152. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is

deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all relevant times hereto," and as such denies the same.

153. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all relevant times hereto," and as such denies the same.

154. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

155. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

156. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

57840627.4 06/08/2026

157.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

158.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

159.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

160.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

161.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is

deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all times relevant hereto," and as such denies the same.

162.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all times relevant hereto," and as such denies the same.

163.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

164.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

165.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

57840627.4 06/08/2026

166.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

167.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

168.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

169.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

26

170. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

171. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

172. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

173. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

57840627.4 06/08/2026

174.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

175.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

176.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

177.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To

57840627.4 06/08/2026

the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

178. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF JANE DOE v. COLLEGE HALL DEFENDANTS AND MARKS

179. This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

180. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

181. The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

29

57840627.4 06/08/2026

182.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

183.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

184.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

185.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To

the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

186.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

187.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, it is admitted only that Plaintiff seeks punitive damages. The remaining averments of this paragraph are denied.

**188.**    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 34) and Memorandum Opinion (Doc. 33). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

57840627.4 06/08/2026

## AFFIRMATIVE DEFENSES

The University reserves the right to raise any and all applicable defenses to Plaintiff's claims. The University has not yet obtained all necessary discovery from Plaintiff and/or others in connection with this action, and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c) and without conceding that any such defenses must be set forth in its Answer, and without assuming the burden of proof on matters and issues other than those on which the University has the burden of proof as a matter of law, the University states as follows:

1. Any damages sustained by Plaintiff were due to the acts or omissions of third parties other than the University, or her own acts or omissions, and not the acts of omissions of the University.

2. Any damages sustained by Plaintiff were due to the acts or omissions of third parties other than the University, and which were not foreseeable.

3. Any damages sustained by Plaintiff were due to intentional, intervening criminal acts of third parties which severed any causal chain between purported acts by the University and Plaintiff's injuries.

4. The University acted in compliance with the law at all times with respect to Plaintiff's time at the University and upheld all statutory obligations imposed upon it, if any, with respect to Plaintiff's time at the University.

5. Plaintiff has failed to allege facts sufficient to support a claim for compensatory, punitive, or other damages.

6. Plaintiff has failed to mitigate her damages and/or fails to allege facts sufficient to

32

support a claim for damages.

7.      The University has not violated any of Plaintiff's rights or harmed or damaged her in any way and is not liable to Plaintiff for any reason in any amount.

8.      Plaintiff's First Amended Complaint, and each cause of action contained therein, may fail to state facts sufficient to constitute a cause of action against the University.

9.      Plaintiff has failed to plead facts and causes of action with the requisite specificity as required by the Federal Rules of Civil Procedure and other relevant law.

10.     Plaintiff is not entitled to any relief because she has not suffered any damage as a result of any actions taken by the University.

11.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

12.     Plaintiff has failed to join all necessary parties.

13.     Plaintiff's claims are barred by the doctrine of unclean hands.

**WHEREFORE**, the University respectfully requests judgment in its favor against the co-defendants and an award of attorney's fees and costs and such other relief as is deemed appropriate.

Respectfully submitted,

s/ James A. Keller
James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
SAUL EWING LLP
1735 Market St., 34th Floor
Philadelphia, PA 19103
P: 215-972-1964/7869
james.keller@saul.com
jesse.krohn@saul.com

*Attorneys for Defendant Villanova University*

Dated: June 08, 2026

33

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Villanova University hereby demands a trial by Jury.


                                    s/ James A. Keller


34

57840627.4 06/08/2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I caused a true and correct copy of Defendant Villanova University's foregoing Answer to Plaintiff's First Amended Complaint and any accompanying documents to be served upon all Counsel of Record via the Court's ECF System.

/s/ James A. Keller
James A. Keller, Esq.

Dated: June 08, 2026

35

57840627.4 06/08/2026