**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jane Doe, | Case No. 25-cv-03350-MRP |
| Plaintiff, | |
| v. | |
| Villanova University, et al., | Electronically Filed |
| Defendants. | |

| | |
|---|---|
| Villanova University, | |
| Defendant and Third-Party Plaintiff, | |
| v. | Electronically Filed |
| John Roe, | |
| Third-Party Defendant. | JURY TRIAL DEMANDED |

**THIRD-PARTY COMPLAINT AGAINST JOHN ROE**

Defendant and Third-Party Plaintiff Villanova University ("Villanova" or the "University), by and through its undersigned counsel, files this Third-Party Complaint against additional Defendant John Roe ("Roe"), pursuant to Federal Rule of Civil Procedure 14(a)(1) within 14 days after serving its original answer.

**I.    Introduction**

1.    Jane Doe ("Doe") filed a "Civil Action Complaint" in the Court of Common Pleas of Philadelphia County, Pennsylvania on June 26, 2025. Doc. 1, Ex. A.

2.    On June 27, 2025, the University filed a Notice of Removal. Doc. 1.

3.    On August 11, 2025, the University filed a Motion to Dismiss. Doc. 14.

4.    On August 22, 2025, Doe filed an Amended Complaint ("FAC"). Doc. 19. The FAC is attached hereto as "**Exhibit A.**"

5.    On September 4, 2025, the University filed a second Motion to Dismiss. Doc. 20.

6.    The University's Motion to Dismiss was denied on May 4, 2026. Doc. 33, 34.

7.    The University filed an Answer to the FAC on June 8, 2026. Doc. 37.

8.    In the FAC, Doe brought claims against the University for Negligence (Count I) and Negligent Infliction of Emotional Distress (Count II).

9.    Doe alleges, *inter alia,* that the University misrepresented the safety of its campus, *id.* ¶ 137; failed to warn students of certain risks, such as those associated with underage drinking and that drinking may increase the vulnerability of a person to sexual assault, *id.* ¶ 138; and failed to provide students with adequate security and supervision, *id*., and, as a result, on August 26, 2023, Doe was raped by Roe, who is and was at the time of the incident a student at the University. *Id.* ¶¶ 140-2, 148, 150.[1]

10.    The University denies that it has liability to Doe as alleged in the FAC and herein.

11.    However, to the extent any such liability were found, it would have arisen in whole or in part out of the actions of the Third-Party Defendant.

---

[1] Although Doe, who is proceeding under a pseudonym without having requested relief from the requirement of Federal Rule of Civil Procedure 10(a) that a complaint "name **all** the parties" (emphasis added), identified Roe by name in the FAC, for the purposes of this pleading, the University will refer to both Doe and Roe using pseudonyms. In doing so, the University does not concede that either has properly sought to deviate from the requirements of Rule 10; waive its right to contest use of a pseudonym; or suggest that either could demonstrate the "exceptional" circumstances required for such relief. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).

12.     Nothing in this Third-Party Complaint shall be deemed an admission by the University of any of the factual allegations in the FAC, or deemed a waiver of any defenses that the University may have against Doe's claims.

## II.    Parties

13.     Defendant and Third-Party Plaintiff, Villanova is a non-profit institution of higher education located in Villanova, Pennsylvania.

14.     Third-Party Defendant Roe is an individual who is a resident of Pennsylvania.

## III.    Jurisdiction and Venue

15.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over Doe's FAC pursuant to 28 U.S.C. §§ 1332.

16.     The Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367 because Villanova's claims are so related to Doe's claims that they form part of the same case or controversy under Article III of the United States Constitution.

17.     Venue is proper in this Court because the alleged incidents giving rise to the FAC and this Third-Party Complaint took place in this judicial district.

## IV.    Operative Facts as Stated in Doe's FAC

18.     Per Doe, around midnight on August 26, 2023, she, Roe, and friends of Doe and Roe sat on benches outside of Stanford Hall, where they consumed alcohol. FAC ¶¶ 93-96.

19.     Per Doe, after most students returned to their dormitories, Doe and Roe continued to drink on a bench outside, then entered nearby woods and engaged in sexual activity, which Doe characterizes as rape and/or sexual assault because "due to her intoxication, [Doe] was rendered incapable of voluntarily consenting to sexual acts." *Id.* ¶¶ 102-8.

20. Per Doe, her intoxication was such that she was not aware that Roe "had sex with her" until later the next day, and that Roe had to "smack[ her] in the face to wake her up" and bring her back to her residence hall. *Id.* ¶¶ 109-14.

21. Doe asserts that after this incident, she sustained "severe, painful, and permanent personal injuries," including: "Sexual assault and battery"; "Aggravated indecent assault"; "Post Traumatic Stress Disorder"; "Depression"; "Skin rashes"; "Invasion of physical and personal privacy"; "Past mental anguish"; "Future mental anguish"; "Past medical expenses"; "Future medical expenses"; "Past and future loss of earnings"; "Past and future loss of earning capacity and other economic losses"; "Past and future loss of life's pleasures"; "Humiliation and embarrassment"; "Disfigurement"; "Short-term and long-term disability"; "Incidental and other expenses"; and "other ills and injuries." *Id.* ¶ 124.

22. Doe further asserts that she "suffered significant intangible losses, including, among other things, grief, anxiety, fear, dread, pain, suffering, bodily deformation, loss of life's pleasures, loss of well-being, and inability to engage in everyday activities, duties, and recreations." *Id.* ¶ 125.

23. As noted, Doe elected not to sue Roe under any theory, and instead seeks damages from the University for the acts of its student, Roe, under a negligence theory.

## COUNT I - CONTRIBUTION

24. Villanova incorporates by reference the allegations in paragraphs 1-23 above.

25. Pennsylvania's Uniform Contribution Among Tortfeasors Act ("UCATA"), 42 Pa.C.S. §§ 8321-8327, governs matters involving "two or more persons jointly or severally liable in tort for the **same injury** to persons or property, whether or not judgment has been recovered against all or some of them" (emphasis added).

26. Under the UCATA, the right of contribution exists among joint tortfeasors. *Id.* Accordingly, where two or more persons are jointly and severally liable in tort for the same injury, a defendant who pays more than its proportionate share may seek contribution from another responsible tortfeasor. *See* 42 Pa.C.S. § 8324.

27. Villanova denies Doe's allegations against the University, denies that it caused Doe's alleged injuries or damages, and denies that it is liable to Doe in any amount for the claims asserted in the operative complaint/FAC.

28. Doe alleges that she sustained injuries and damages arising from the alleged sexual assault committed by Roe. Doe seeks to hold Villanova liable for those alleged injuries and damages.

29. If Doe proves her allegations and establishes liability against Villanova, then Villanova and Roe are or may be subject to a common, enforceable obligation in tort to Doe for the same alleged injuries arising from the alleged sexual assault.

30. If, as Doe alleges, Roe sexually assaulted Doe by engaging in sexual activity without Doe's consent or acting while Doe was intoxicated and/or incapacitated such that she was not capable of offering such consent, or if Roe otherwise engaged in conduct that caused or contributed to Doe's injuries, Roe was a substantial factor in causing or contributing to the injuries and damages alleged by Doe.

31. Roe's alleged conduct occurred during the same incident, involved the same alleged injuries, and caused or contributed to the same damages for which Doe seeks to hold Villanova liable.

32. If Doe proves her allegations and establishes liability against Villanova, then Villanova and Roe are or may be joint tortfeasors within the meaning of the UCATA because Doe

seeks to recover from Villanova for the same alleged injuries allegedly caused or contributed to by Roe.

33.    Villanova's claim against Roe is derivative of Doe's claims against Villanova. Villanova does not seek to assert Doe's direct claims against Roe, but instead seeks contribution, apportionment, and allocation of liability to the extent Villanova is found liable to Doe.

34.    If Villanova is found liable to Doe, Roe is or may be liable to Villanova for all or part of Doe's claims against Villanova.

35.    Pursuant to the UCATA, Villanova is entitled to contribution from Roe for any amount Villanova may be required to pay to Doe in excess of Villanova's proportionate share of common liability, if any.

36.    If judgment is entered against Villanova in favor of Doe, Villanova is entitled to judgment over and against Roe for contribution, apportionment, allocation of liability, and/or such other relief as permitted by law.

WHEREFORE, Villanova respectfully requests that this Court enter judgment in its favor and against Roe, declaring the obligations of Roe as set forth above and awarding to Villanova from Roe any sums that may be adjudged against Villanova in favor of Doe, together with Villanova's costs and attorneys' fees incurred in defending this matter, and granting such other and further relief as this Court shall deem just and proper.

Respectfully submitted,

*/s/ James A. Keller*

James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
**SAUL EWING LLP**
1735 Market Street, 34th Floor
Philadelphia, PA 19103

(215) 972-1964//7869
James.Keller@saul.com
Jesse.Krohn@saul.com

*Attorneys for Defendant and Third-Party*
*Plaintiff Villanova University*

Dated: June 22, 2026