**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>*Plaintiff*,<br>v.<br><br>VILLANOVA UNIVERSITY,<br><br>*Defendant*. | CIVIL ACTION<br><br>Case No. 2:25-cv-03350-MRP |
| VILLANOVA UNIVERSITY,<br><br>*Defendant and Third-Party Plaintiff*,<br>v.<br><br>JOHN ROE,<br><br>*Third-Party Defendant*. | |

**THIRD-PARTY DEFENDANT JOHN ROE'S ANSWER AND AFFIRMATIVE DEFENSES TO VILLANOVA UNIVERSITY'S THIRD-PARTY COMPLAINT**

Third-Party Defendant John Roe ("John"), by and through his counsel, Clark Hill PLC, hereby submits his Answer and Affirmative Defenses to Villanova University's Third-Party Complaint (ECF No. 38).

## I. "Introduction"

**1.** Admitted.

**2.** Admitted that Villanova University ("Villanova" or the "University") filed a Notice of Removal in June 2025, which is available at ECF No. 1. Any remaining allegations are denied.

**3.** Admitted.

**4.** Admitted.

**5.** Admitted.

**6.** Admitted.

**7.** Admitted.

**8.** Admitted.

**9.** Admitted only that Plaintiff Jane Doe ("Plaintiff") made the stated allegations and that "Jane Doe" and "John Roe" are pseudonyms. John specifically denies that he ever raped Plaintiff. Further, Plaintiff repeatedly attributes liability "solely" to Villanova. ECF No. 19 at ¶¶ 142, 150.

**10.** Admitted that Villanova denies that it has liability to Plaintiff.

**11.** Denied.

**12.** Denied that nothing in the Third Party-Complaint shall be deemed an admission by Villanova of any of the factual allegations in the First Amended Complaint. Any remaining allegations are legal conclusions to which no responses are required.

## II. "Parties"

**13.** Admitted that Villanova is an institution of higher education located in Villanova, Pennsylvania. John lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations.

**14.** Admitted.

## III. "Jurisdiction and Venue"

**15.** The allegations in this paragraph are legal conclusions to which no responses are required.

**16.** The allegations in this paragraph are legal conclusions to which no responses are required.

**17.** John denies committing any actionable conduct against Plaintiff in this judicial district or in any other judicial district. Any remaining allegations in this paragraph are legal conclusions to which no responses are required.

**IV. <u>“Operative Facts as Stated in Doe’s FAC”</u>**

**18.** Denied that Plaintiff alleged that all of the stated activities occurred around midnight on August 26, 2023. Denied that Plaintiff stated that she, her friends, John, or John’s friends sat on benches outside of “Stanford Hall.” Admitted that Plaintiff made the remaining allegations.

**19.** Admitted that Plaintiff made the stated allegations. John denies that he ever raped or sexually assaulted Plaintiff. John further denies that “due to her intoxication, [Plaintiff] was rendered incapable of voluntarily consenting to sexual acts.”

**20.** Denied that Plaintiff made the stated allegations. John further denies ever engaging in sexual activity with Plaintiff without her consent.

**21.** Admitted that Plaintiff asserts that she sustained the listed “injuries.” Any remaining allegations are denied. Further, John specifically denies causing Plaintiff to sustain any of the listed “injuries.”

**22.** Admitted that Plaintiff asserts that she suffered the listed “losses.” Any remaining allegations are denied. Further, John specifically denies causing Plaintiff to sustain any of the listed “losses.”

**23.** Admitted that Plaintiff elected not to sue John under any theory, that she instead seeks damages from Villanova under a negligence theory, and that John is a student of Villanova. Any remaining allegations are denied. John further states that Plaintiff has also

elected to seek damages from Villanova under a theory of negligent infliction of emotional distress.

**<u>"COUNT I – CONTRIBUTION"</u>**

**24.** John incorporates by reference his answers to Paragraphs 1 through 23 as if set forth at length herein.

**25.** The allegations in this paragraph are legal conclusions to which no responses are required.

**26.** The allegations in this paragraph are legal conclusions to which no responses are required.

**27.** Admitted that Villanova has made the stated denials.

**28.** Admitted that Plaintiff alleges that she sustained injuries and damages and that she seeks to hold Villanova liable for those alleged injuries and damages. Any remaining allegations are denied.

**29.** The allegations in this paragraph are legal conclusions to which no responses are required. John specifically denies that any sexual assault occurred and/or that Plaintiff suffered the injuries that she alleges.

**30.** Denied. Further, the reference to "substantial factor in causing or contributing to the injuries alleged by Doe" is a legal conclusion to which no response is required.

**31.** Denied.

**32.** The allegations in this paragraph are legal conclusions to which no responses are required. Further, John denies causing any injuries to Plaintiff.

**33.** Admitted that Villanova claims to be seeking contribution, apportionment, and allocation of liability to the extent it is found liable to Plaintiff. Denied that Villanova does not

seek to assert Plaintiff's direct claims against John. Any remaining allegations in this paragraph are legal conclusions to which no responses are required.

**34.** The allegations in this paragraph are legal conclusions to which no responses are required.

**35.** The allegations in this paragraph are legal conclusions to which no responses are required.

**36.** The allegations in this paragraph are legal conclusions to which no responses are required.

**WHEREFORE**, John respectfully requests that this Court enter judgment in his favor and against Villanova, dismissing all claims with prejudice and awarding his attorneys' fees, his costs of suit, and such other and further relief that this Court may deem equitable or just.

## AFFIRMATIVE DEFENSES

**1.** Villanova fails to state a claim upon which relief may be granted.

**2.** To the extent that Plaintiff suffered any damages caused by John—which John expressly denies—she has failed to mitigate them.

**3.** John and Villanova are not joint tort-feasors under 42 Pa.C.S. §§ 8321-8327.

**4.** Assuming that John are Villanova are joint tort-feasors under 42 Pa.C.S. §§ 8321-8327—which John expressly denies—Villanova would not be entitled to a money judgment for contribution until it has by payment discharged the common liability or has paid more than its pro rata share thereof.

**5.** Villanova improperly joined John under Federal Rule of Civil Procedure 14(a)(1), as John cannot be liable to Villanova for all or part of the claims that Plaintiff made against

Villanova. Under Rule 14(a)(5), John reserves the right to move to strike Villanova's third-party claim, to move to sever it, or to move to try it separately.

**6.** To the extent that Plaintiff has received, receives, or becomes entitled to receive any settlement, release, payment, satisfaction, contribution, or other consideration from Villanova or from any other defendant, alleged joint tortfeasor, insurer, or other person or entity for the injuries or damages that she alleges, John is entitled to a setoff, credit, reduction, recoupment, or molding of any verdict or judgment to the fullest extent permitted by law, including but not limited to 42 Pa.C.S. §§ 8321-8327.

**7.** In the event of a judgment in Plaintiff's favor and the apportionment of any damages to John, such apportionment must be fair and consistent with the law.

**8.** Plaintiff's claims against Villanova are barred by their respective statutes of limitations.

**9.** Plaintiff unreasonably delayed asserting her claims, and this delay has prejudiced John's ability to defend against the Third-Party Complaint brought by Villanova. Thus, Plaintiff's claims are barred by the doctrines of laches and/or estoppel.

**10.** Plaintiff's claims are barred by consent.

**11.** Plaintiff may have failed to preserve all relevant documents and communications that are relevant to her claims.

**12.** Villanova may have failed to preserve all relevant documents and communications that are relevant to its claims.

**13.** Villanova's claims may be barred by estoppel.

**14.** Villanova's claims may be barred by waiver.

**15.** Plaintiff's claims against Villanova may be barred by release.

**16.** Villanova's claims against John may be barred by release.

**17.** Plaintiff's claims against Villanova may be barred or limited by pre-existing conditions or injuries.

**18.** Plaintiff's claims against Villanova may be barred by the collateral source rule.

**WHEREFORE**, John respectfully requests that this Court enter judgment in his favor and against Villanova, dismissing all claims with prejudice and awarding his attorneys' fees, his costs of suit, and such other and further relief that this Court may deem equitable or just.

Respectfully submitted,

**CLARK HILL PLC**

*s/ Jonathan Z. Cohen*
Jonathan Z. Cohen (PA ID #205941)
Patricia M. Hamill (PA ID #48416)
Daniel J. McGravey (PA ID #83176)
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 640-8500 (tel.)
(215) 640-8501 (fax)
jcohen@clarkhill.com
phamill@clarkhill.com
dmcgravey@clarkhill.com

*Attorneys for Third-Party Defendant*
*John Roe*

Date: August 13, 2026