EDELSTEIN LAW "We Fight for Victims"

***Jay L. Edelstein, Esquire**
jedelstein@edelsteinlaw.com
***Stephen J. Pokiniewski, Esquire**
sjp@edelsteinlaw.com
**Janae Banner, Esquire**
jbanner@edelsteinlaw.com

*MEMBER OF THE NJ & PA BAR

**File No.:** 121.828

Super Lawyers
2013–2014–2017–2018-2019
2020–2021–2022–2023–2024- 2025

August 31, 2026

The Honorable Mia Roberts Perez
**USDC Eastern District of Pennsylvania**
10613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: Doe v. Villanova University, et al**
**Docket : 2:25-cv-03350-MRP**

Dear Judge Perez:

Plaintiff respectfully requests a Rule 16 status conference to address discovery management and related issues following the Court's denial of Defendants' Motion for Judgment on the Pleadings.

This action has been pending since its removal on June 30, 2025. Following extensive motion practice, including motions to dismiss, reconsideration proceedings, and the recent Rule 12(c) motion, the case now proceeds into merits discovery.

The remaining claims center on Villanova University's knowledge of and response to risks associated with Sylly Week/Night, and The Courts; Villanova's relationship with The Courts and College Hall; prior incidents and institutional notice; alcohol and consent education programs; and the training and education provided to the individual defendants concerning intoxication, consent, and bystander intervention.

Because these issues implicate multiple Villanova departments, numerous custodians, substantial electronically stored information, corporate representative testimony, and institutional knowledge accumulated over several years, Plaintiff believes that an early conference would assist the parties in establishing a workable discovery framework and avoiding unnecessary motion practice.

In particular, Plaintiff seeks guidance regarding: (1) the scope and sequencing of written discovery and depositions; (2) ESI custodians and search parameters; (3) Rule 30(b)(6) discovery; and (4) whether leave should be granted under Rule 33(a)(1) for additional interrogatories. Given the breadth of the institutional issues presented, Plaintiff anticipates that twenty-five interrogatories will be insufficient. Interrogatories are likely the most efficient means of identifying relevant witnesses, documents, prior incidents, policies, training materials, and decision-makers before depositions occur.

Plaintiff believes that addressing these issues now will streamline discovery, reduce costs, and promote the efficient resolution of the case.

Accordingly, Plaintiff respectfully requests that the Court schedule a Rule 16 conference at its convenience.

Respectfully submitted,

JAY L. EDELSTEIN

JLE—

CC: All counsel of record