***Jane Doe v. Villanova Univ., et al, Civil Action No: 25-cv-03350***
**Joint Status Report Pursuant to Rule 26(f)**

Caption: Jane Doe v. Villanova Univ., et al Civil Action No: 25-cv-03350

Basis of Jurisdiction: Diversity

Jury Trial: x Non-Jury Trial: ______ Arbitration: ______

1. Plaintiff's brief factual summation of the case and claims:

This case arises from the alleged sexual assault of an incapacitated Villanova freshman on Villanova's own campus during the opening weekend of the Fall 2023 semester. ***This sexual assault did not occur in a vacuum***. One year earlier, during Sylly Night 2022, another Villanova student, C.A., alleged that she was raped while unconscious in a Villanova residence hall. *See C.A. v. Villanova et al., EDPA2:24-cv-04434-KNS.* Plaintiff contends that, by August 2023, Villanova had ample reason to understand that the combination of Sylly Week, The Courts, underage drinking, incapacitation, and sexual assault presented a recurring and foreseeable danger to its students. Yet, Villanova failed to take reasonable measures to prevent another alcohol-facilitated sexual assault of an underage female student.

On August 25, 2023, Plaintiff attended a Sylly Week party at The Courts, where, although under the age of twenty-one, she was served alcohol and became highly intoxicated. She thereafter returned to Villanova's campus and continued drinking with other students outside Stanford Hall dormitory. Plaintiff alleges that she became incapacitated and that Third-Party Defendant John Roe thereafter took her into a wooded area on Villanova's campus and sexually assaulted her while she was incapable of consenting.

Specifically, Plaintiff contends that Villanova knew or should have known that Sylly Night, Sylly Week, and The Courts presented heightened and recurring risks of underage alcohol consumption, student intoxication, and alcohol-facilitated sexual assault, yet failed to exercise reasonable care to protect students residing in its campus housing. Plaintiff alleges that Villanova failed to provide adequate warnings, education, supervision, security, monitoring, and other reasonable protective measures within its control despite its knowledge of those risks. Plaintiff further contends that Villanova failed to implement and effectively carry out the alcohol education, consent education, sexual misconduct prevention, bystander intervention, and residential life programs that it now contends existed before the incident. Plaintiff contends that the adequacy of those warnings and protections, Villanova's knowledge of the risks, and whether Villanova exercised reasonable care are factual questions to be resolved through discovery and, if necessary, by a jury.

Plaintiff further contends that Villanova's alleged failures increased the risk that, after returning to campus from Sylly Week activities, Plaintiff would continue consuming alcohol in the area outside her residence hall, become severely intoxicated and

incapacitated without intervention, and ultimately be taken into a wooded area on Villanova's campus and sexually assaulted. Plaintiff contends that Villanova's negligence was a substantial factor in causing her injuries notwithstanding the criminal acts of Third-Party Defendant John Roe.

2. Defendant Villanova University's brief factual summation of the case, claims, and defenses:

Plaintiff, a freshman at the time, asserts that on the weekend following the first week of classes at Villanova in 2023, she went to an off-campus residence (since closed and demolished) over which the University exercised no control, where she consumed alcohol while under the age of 21. Plaintiff asserts that she returned to campus and encountered another first year student, Third-Party Defendant John Roe, with whom she smoked marijuana and drank alcohol in an outdoor area. Plaintiff states that she and John Roe then went into a secluded wooded area where she and John Roe had sexual contact. Plaintiff asserts that she was incapacitated due to drug and alcohol consumption at the time, and unable to consent to sexual intercourse.

Plaintiff did not pursue a criminal complaint or an internal (Title IX) complaint with the University, but has now sued the University for negligence and negligent infliction of emotional distress. Plaintiff asserts that the University failed to warn and protect her from drug and alcohol use and sexual assault. The University disagrees with Plaintiff's claims, and plans to rely on the following defenses, in addition to others that may be developed as discovery proceeds:

- Plaintiff alleges that John Roe engaged in intentional, intervening criminal acts Those acts break the causal chain, and the University cannot have any liability for same unless Plaintiff can prove that they were reasonably foreseeable to the University. Here, the University had no knowledge of a specific increased risk of sexual assault on the night in question or of any harm posed to Plaintiff by John Roe.
- Even if the University did owe Plaintiff a legally-cognizable duty of care in these circumstances (which it did not), Villanova did not breach that duty by failing to take reasonable steps to warn or protect Plaintiff from harm, as it:
    - Provided substantial education and training to students relating to drug and alcohol use and sexual assault, including two mandatory trainings and an explicit written warning before Plaintiff even stepped on campus, followed by at least two further mandatory trainings upon her arrival on campus, as well as other interventions,
    - Took substantial security and safety measures on its campus, just as Plaintiff asserts it should have done in her Complaint, and
    - At all times acted reasonably, and in compliance with the law, with respect to Plaintiff's time at the University.
- Even if Villanova did breach a duty owed to Plaintiff (which it did not), any such breach did not cause Plaintiff's damages, as Plaintiff's injuries are solely attributable to the actions of the individual defendant. Plaintiff has not suffered any

damages as a result of any actions taken or not taken by the University.

3. Third-Party Defendant John Roe's brief factual summation of the case, claims, and defenses:

   On August 26, 2023, Plaintiff and Roe, both Villanova students at that time, had a consensual sexual encounter on Villanova's campus. Following that encounter, Roe never received a criminal complaint or a Title IX complaint from Villanova. Despite this, Villanova filed a contribution claim (ECF No. 38) against Roe, its own tuition-paying student. As the sexual encounter was consensual, Plaintiff cannot recover damages from Villanova. Consequently, Villanova's contribution claim against Roe fails as a matter of law.

4. Plaintiff's counsel participating in the Rule 16 Conference: Stephen Pokiniewski

5. Defendant Villanova University's counsel participating in the Rule 16 Conference: James A. Keller

6. Third-Party Defendant John Roe's counsel participating in the Rule 16 Conference: Patricia M. Hamill and Daniel J. McGravey

7. When did the parties hold the Rule 26 Conference? September 23, 2026

8. When did the parties comply with Rule 26(a)'s duty of self-executing disclosure? September 28, 2026

9. Plan for Discovery:

   a. The parties anticipate that discovery should be completed within ______days.

      Plaintiff and Defendant Villanova University believe 365 days are necessary for discovery. Third-Party Defendant John Roe believes 120 days are necessary for discovery. The parties discussed a 180 day period but were not able to come to an agreement on this point.

   b. If you contend the discovery period should exceed 90 days, please explain:

      *Position of Plaintiff and Defendant Villanova University:* This a complex case, with claims of institutional negligence against a university and a contribution claim against a third-party defendant. Discovery will be sought from numerous university departments (including Public Safety, Residence Life, Student Affairs, Health Promotion, and Title IX), including electronically stored information. Third-party discovery involving numerous governmental entities and physical and mental health providers is anticipated. Discovery will also include substantial written discovery, numerous (10-15) fact depositions, multiple (3-5) Rule 30(b)(6) depositions, expert discovery, and the production and review of voluminous institutional records. Finally, the University is subject to extended holiday periods when individual employees and students are literally unavailable. The requested

schedule is intended to permit the orderly completion of discovery while minimizing the need for repeated extensions or Court intervention.

*Position of Third-Party Defendant John Roe:* Roe agrees that more than 90 days of fact discovery will be necessary for the following reasons: Third-party discovery may be necessary to obtain documents from Plaintiff's healthcare providers, as Plaintiff claims there are relevant medical records and that she is seeking past and future medical expenses. Roe also expects that subpoenas may be necessary for communications that Plaintiff exchanged with third parties regarding the sexual encounter at issue. Further, Roe expects that third parties may need to be deposed if Plaintiff communicated with them about the sexual encounter. However, Roe does not understand why Plaintiff and Villanova need third-party discovery against "numerous" government entities, "10-15" fact depositions, or more than one Rule 30(b)(6) deposition.

c. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?

Yes. The parties request a F.R.E. 502 order governing the claw back of any inadvertently disclosed privileged material and instructing the parties to submit a privilege log within thirty (30) days after production of documents asserted to be privileged.

d. Identify any other discovery issues that should be addressed at the Rule 16 Conference, including limitations on discovery, protective orders needed, or other elements which should be included in a particularized discovery plan:

Roe intends shortly to move to proceed by pseudonym, to seal filings revealing his true name or identifying information, and to file substitute versions of these filings with his true name or identifying information redacted. Plaintiff and Defendant Villanova University consent to this anticipated motion. Villanova and Roe will be requesting that the Court issue a protective order that, among other things, will permit disclosures of student education records pursuant to the Family Educational Rights and Privacy Act (FERPA).

e. Does either side anticipate the use of experts? <u>Yes, all three parties anticipate the use of experts.</u>

If yes, what is the proposed deadline for expert discovery?

The parties propose the following timeline for expert discovery:

| | |
|---|---|
| **Plaintiff's Expert Reports** | 30 days after fact discovery closes |
| **Defendant's and Third-Party Defendant's Expert Reports** | 30 days after Plaintiff's expert reports |
| **Completion of Expert Depositions** | 45 days after Defendant's and Third-Party Defendant's expert reports |

10. Proposed deadline for filing dispositive motions: 30 days after all discovery is closed

11. Approximate date case should be trial-ready: 120 days after ruling on dispositive motions

**Time for Plaintiff's case:** 5-6 days

**Time for Defendant Villanova's case:** 4 days

**Time for Third-Party Defendant John Roe's case:** 2 days

12. Does your client consent to proceeding before a Magistrate Judge for final disposition? no

13. Is a settlement conference likely to be helpful? __yes__ (yes/no)

If so, when: Early __no__ (yes/no) After Discovery __yes__ (yes/no)

**This form should be submitted to Chambers by email:**
**Perez_Chambers@paed.uscourts.gov**